UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CHRISTOPHER DICKENS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VACAVILLE, et al.,<br><br>Defendants. | No. 2:18-cv-02233 JAM CKD (PS)<br><br><br><br>ORDER |

On October 3, 2018, the undersigned held a hearing on defendants' motion to dismiss this action pursuant to Rule 12(b)(6). (ECF No. 3.) Plaintiff opposed the motion (ECF No. 4), and defendants filed a reply (ECF No. 5). Nicole Phillips appeared for defendants, and plaintiff, who is proceeding pro se, failed to appear. At the close of the hearing, the court took the matter under submission.

I. BACKGROUND

Plaintiff, a Vacaville resident proceeding pro se, filed this action in the Solano Superior Court, and defendants City of Vacaville and Officer Robert Myers removed it to federal court on August 15, 2018. (ECF No. 1.)

Plaintiff alleges that on July 24, 2017, he was driving in Vacaville when he made a right turn from the far-right lane with his turn signal on. (ECF No. 1, ¶ 5.) Defendant Myers, a Vacaville police officer, pulled him over and issued a traffic citation for "Unsafe passing on the

1

right shoulder" under Cal. Vehicle Code § 21755[1]. (Id.) Plaintiff pled not guilty to this violation and requested a trial, which occurred in the Solano County Superior Court on April 24, 2018. (Id., ¶¶ 7-8.) "Upon hearing the reason for the stop from Myers and subsequent testimony from Dickens, the case was . . . summarily dismissed by the judge." (Id., ¶ 8.) Plaintiff later sent a letter to an unknown person at the City of Vacaville requesting reimbursement of "expenses incurred," but was not reimbursed. (Id., ¶¶ 9-11.) On June 15, 2018, plaintiff asserted that the above events constituted a violation of his Fourth Amendment rights. (Id., ¶ 12.)

Plaintiff alleges that, on several occasions between 2016 and 2018, he was pulled over by Vacaville police for, e.g., making a right hand turn on a green light, speeding, and avoiding an accident. (Id., ¶¶ 13-17.) He complained to city officials that he felt mistreated and harassed by his eight-plus traffic stops. (Id., ¶ 19.) "Vacaville's inaction is a clear example of general intent" to harm him, plaintiff alleges. (Id.)

Plaintiff asserts a Fourth Amendment claim under U.S.C. § 1983 against Officer Myers and, arguably, a Monell claim against the City of Vacaville. He also references state claims (e.g., unlawful prosecution, unlawful imprisonment). He seeks over one million dollars in damages. (Id., ¶ 20.)

II. DISCUSSION

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[1] Section 21755 provides: "The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting that movement in safety. In no event shall that movement be made by driving off the paved or main-traveled portion of the roadway."

(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Defendants contend that plaintiff fails to state a Fourth Amendment claim against Officer Myers or a Monell claim against the City of Vacaville pursuant to § 1983. The Fourth Amendment guarantees "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Whren v. U.S., 517 U.S. 806, 809-810 (1996). Temporary detention of individuals during a traffic stop by the police constitutes a "seizure" under Whren. Id. at 809-810. "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Id. at 810. Here, while the charged traffic violation was ultimately dismissed, that alone does not suffice to show that Officer Myers' July 24, 2017 stop of plaintiff was unreasonable or a violation of plaintiff's Fourth Amendment rights. See Baker v. McCollan, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."). Plaintiff has not sufficiently alleged a § 1983 claim against Officer Myers.

As to plaintiff's claim against the City of Vacaville, "[m]unicipalities and other local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dept. of Soc. Servs., 436 U.S. at 690. However, a municipal entity or its departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival Association, 541 F.3d

3

1 | 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Board of County Comm'rs. of Bryan County v. Brown, 520 U.S. 397, 404 (1997). Here, while plaintiff complains of multiple traffic stops in a two-year period, he has not alleged that any employee of the City of Vacaville acted pursuant to a policy or custom that violates his federal constitutional rights. In the absence of a colorable federal claim, this court lacks jurisdiction over any purported state claims.

Plaintiff concedes that his complaint is "intentionally vague" because he assumed he would have the opportunity to depose witnesses and develop the evidence. (ECF No. 4, ¶ 3.) Under the federal pleading standards, however, plaintiff must allege facts which, if true, state a claim against defendant(s). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim(s). Id. Based on the foregoing, defendants' motion to dismiss will be granted.

III. LEAVE TO AMEND

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, plaintiff will be granted an opportunity to amend the complaint.

////

4

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 3) is granted;

2. The complaint is dismissed for failure to state a claim;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. The Initial Scheduling Conference set for January 16, 2019 is hereby vacated, to be reset as needed.

Dated: October 10, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / dickens2233.mtd